IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

BRIAN KEITH BRAGG,

          Plaintiff,

    v.

RAQUEL PATTERSON, et al.,

          Defendants.

Civil Action
No. 15-6292 (AET-TJB)


**OPINION**


**RECEIVED**

**NOV 18 2015**

AT 8:30_____M
WILLIAM T. WALSH
CLERK

APPEARANCES:

Brian Keith Bragg, Plaintiff Pro Se
#533330
Mercer County Correctional Center
PO Box 8068
Trenton, New Jersey 08650

**THOMPSON, District Judge:**

**I.    INTRODUCTION**

Before the Court is Plaintiff Brian Keith Bragg's
("Plaintiff"), submission of a civil rights complaint pursuant
to 42 U.S.C. § 1983. (Docket Entry 3). Plaintiff is a pretrial
detainee currently confined at Mercer County Correctional Center
("MCCC"), Trenton, New Jersey. By Order dated October 14, 2015,
this Court granted Plaintiff's application to proceed *in forma*
*pauperis* pursuant to 28 U.S.C. § 1915(a). (Docket Entry 13).

At this time, the Court must review the complaint pursuant
to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it
should be dismissed as frivolous or malicious, for failure to

state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint shall be dismissed in part and shall proceed in part.

## I. BACKGROUND

Plaintiff filed this complaint against several employees of MCCC, including Counselor Raquel Patterson, Officer Brown, Officer Crawford, Officer Christie, Sergeant Friel, and Lieutenant John Doe, alleging violations of his First, Fifth, Eighth, and Eleventh Amendment rights. (Docket Entry 1 at 7-8). The following factual allegations are taken from the complaint and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff alleges that on August 7, 2015, he signed himself into protective custody due to harassment and threats of physical violence from MCCC employees. (Docket Entry 1 at 8). Plaintiff asserts these threats were done out of retaliation for filing lawsuits against MCCC and its employees. (Docket Entry 1 at 8). He specifically alleges Officers Brassel and Doe[1] "subject

---

[1] This appears to be a separate person from Lieutenant Doe. The Clerk of the Court shall be ordered to add Officer Doe to the case caption as a Defendant.

Plaintiff to harassment and threats of violence and death on a daily basis causing Plaintiff to suffer fear, anxiety, loss of sleep, appetite and nightly nightmares." (Docket Entry 1 at 8).

On that same date, Plaintiff was involved in an altercation with his cellmate. (Docket Entry 1 at 8). Officers Brown, Christie, Doe, and Crawford handcuffed Plaintiff and moved him to another cell. (Docket Entry 1 at 9). Upon entering the new cell, the officers proceeded to strike Plaintiff on his chest and body. (Docket Entry 1 at 9). Plaintiff alleges that he fell to the ground, and the officers continued to assault Plaintiff by kicking him and stomping on him with their steel-toed boots. (Docket Entry 1 at 9).

After the officers locked Plaintiff into the cell, Officer Doe handed Plaintiff a blanket and sheets through the food port and proceeded to slam the port door on Plaintiff's fingers. (Docket Entry 1 at 9). According to the complaint, Sergeant Friel and Lieutenant Doe witnessed the entire episode but did not intervene. (Docket Entry 1 at 9). Lieutenant Doe told Plaintiff "'that will teach you for filing law suits against my officers.'" (Docket Entry 1 at 9). Plaintiff asserts he was denied any medical attention for his injuries. (Docket Entry 1 at 10). He states Warden Charles Ellis knew about assaults against him in the past, but failed to take any steps to protect

3

him against the officers' use of excessive force. (Docket Entry 1 at 8).

Plaintiff filed this action on August 17, 2015. (Docket Entry 1). On September 3, 2015, he submitted an amended complaint that incorporated his previous claims and added new ones. (Docket Entry 3). He added that on August 10, 2015, Officer Doe returned Plaintiff's property, minus his prayer rug, kufi, and Quran. (Docket Entry 3 ¶¶ 5-6). Plaintiff complained about his missing property to Sergeant Friel, who responded "'stop filing grievances and law suits and your property won't always come up missing.'" (Docket Entry 3 ¶¶ 7-8). Plaintiff alleges Lieutenant Creighton, Sergeant Friel, Officer Crawford, Officer Christie, Officer Brown, and Officers Does 1-6 threw out his property in retaliation for filing lawsuits and grievances. (Docket Entry 3 ¶ 9).

Plaintiff further alleged in his amended complaint that Counselor Patterson grabbed or touched his penis while he was in her office on August 5, 2015. (Docket Entry 3 ¶ 16).[2] He asserts this contact violated his religious beliefs and New Jersey state law, and resulted in loss of appetite and sleep, "crying spells,

---

[2] The Court notes that the amended complaint appears to be missing paragraphs 10-14. (Docket Entry 2 at 2-3). As the body of the amended complaint proceeds from Ground Two to Ground Three, the Court presumes this was a numbering error.

difficulty concentrating, nightmares, and depression." (Docket Entry 3 ¶¶ 17-18).

Plaintiff requests this Court grant him relief in the form of $1,000,000 in punitive damages against each defendant, $1,000,000 in compensatory damages against each defendant, attorneys fees and costs of suit, and an order that Warden Ellis implement a plan to ensure Plaintiff's safety. (Docket Entry 1 at 11-12). He also requests the appointment of pro bono counsel. (Docket Entry 1 at 12).

## II. STANDARD OF REVIEW

### A. Standards for a Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A because Plaintiff is a prisoner

proceeding *in forma pauperis* and is seeking relief from governmental employees, and under § 1997e because Plaintiff is bringing claims regarding the conditions of his confinement.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[3] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that

---

[3] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## B. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

§ 1983. Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

7

## III. ANALYSIS

Plaintiff asserts claims against Counselor Patterson, Officer Brown, Officer Crawford, Officer Christie, Officers Doe 1-6, Sergeant Friel, and Lieutenant John Doe for violations of his First, Fifth, Eighth, and Eleventh Amendment rights.[4] Specifically, he raises excessive force, failure to intervene, retaliation, deprivation of property, and common law battery claims,[5] and seeks injunctive relief from Warden Ellis.

### A. Eleventh Amendment

To the extent Plaintiff seeks monetary damages from Defendants in their official capacities, he is barred by the Eleventh Amendment. Eleventh Amendment immunity "protects both states and state agencies 'as long as the state is the real party in interest.'" *Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 182 (3d Cir. 2013) (per curiam) (quoting *Fitchik v. N.J. Transit Rail Operations*, 873 F.2d 655, 659 (3d Cir. 1989) (en banc)). A suit against a public official "'in his or her official capacity is not a suit against the official but rather

---

[4] The Court presumes Plaintiff intended to invoke the Fourteenth Amendment in connection with his excessive force, failure to intervene, retaliation, failure to protect, and deprivation of property claims, and will conduct its analysis under that amendment.

[5] Plaintiff does not appear to be raising a denial of medical care claim as the complaint is entirely silent as to the elements of such a claim. *See Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).

8

is a suit against the official's office . . . .'" *Printz v. United States*, 521 U.S. 898, 930-31 (1997) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). The *Will* Court concluded that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." 491 U.S. at 71; *see also Smith v. New Jersey*, 908 F. Supp. 2d 560, 563-64 (D.N.J. 2012).

Plaintiff's claims for monetary damages from Defendants in their official capacities must therefore be dismissed with prejudice.

## B. Excessive Force

Plaintiff asserts Officer Brown, Officer Crawford, Officer Christie, and Officer Doe violated his Eighth Amendment right to be free from excessive force. As a pre-trial detainee at the time of the incident, however, Plaintiff was protected by the Due Process Clause of the Fourteenth Amendment. *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012). Analysis of whether a detainee or un-sentenced prisoner has been deprived of liberty without due process is governed by the standards set forth by the Supreme Court in *Bell v. Wolfish*, 441 U.S. 520 (1979); *Fuentes v. Wagner*, 206 F.3d 335, 341-42 (3d Cir.), *cert. denied*, 531 U.S. 821 (2000).

In *Bell*, the Supreme Court stated:

9

> In evaluating the constitutionality of conditions or
> restrictions of pretrial detention that implicate only
> the protection against deprivation of liberty without
> due process of law, we think that the proper inquiry is
> whether those conditions amount to punishment of the
> detainee. For under the Due Process Clause, a detainee
> may not be punished prior to an adjudication of guilt in
> accordance with due process of law.

441 U.S. at 535-36. The Court further explained that

"[r]estraints that are reasonably related to the institution's

interest in maintaining jail security do not, without more,

constitute unconstitutional punishment . . . ." *Id.* at 540.

Retribution and deterrence, however, are not legitimate non-

punitive governmental objectives, *id.* at 539 n.20, nor are

grossly exaggerated responses to genuine security

considerations, *id.* at 539 n.20, 561-62. Thus, in order for

Plaintiff to sufficiently allege a claim for excessive force

under the Fourteenth Amendment, he must allege that the force

used amounted to a wanton infliction of punishment as opposed to

restraint rationally related to exercising control. *Fuentes*, 206

F.3d at 342; *see also Bell*, 441 U.S. at 535.

Construing all inferences in Plaintiff's favor, as the

Court must do at this preliminary screening stage, this Court

preliminarily finds that Plaintiff has pled facts sufficient to

state a plausible claim for relief necessary to withstand

summary dismissal at this time. Therefore, the Court will allow

Plaintiff's Fourteenth Amendment excessive force claim to

proceed at this time against Officer Brown, Officer Crawford, Officer Christie, and Officer Doe.[6]

## C. Failure to Intervene

Plaintiff further alleges Sergeant Friel and Lieutenant Doe failed to intervene during the other officers' assault upon him. (Docket Entry 1 at 9).

"[A] corrections officer who fails to intervene when other officers are beating an inmate may be liable on a failure-to-protect claim if the officer had 'a realistic and reasonable opportunity to intervene' and 'simply refused to do so.'" *Bistrian v. Levi*, 696 F.3d 352, 371 (3d Cir. 2012) (quoting *Smith v. Mensinger*, 293 F.3d 641, 650-51 (3d Cir. 2002)). Again construing all inferences in Plaintiff's favor, Sergeant Friel and Lieutenant Doe had the opportunity to intervene during the other officers' assault on Plaintiff but did not do so. (Docket Entry 1 at 9). Therefore, the Court will allow Plaintiff's Fourteenth Amendment failure to intervene claim to proceed at this time against Sergeant Friel and Lieutenant Doe.

---

[6] Plaintiff mentions Officer Brassel threatens him, but does not allege any use of force by Officer Brassel. (Docket Entry 1 at 8). Generally, mere verbal harassment does not give rise to a constitutional violation. *See McKay v. U.S. Dep't of Justice*, 406 F. App'x 570, 570 n.1 (3d Cir. 2010). Therefore, Plaintiff has not sufficiently pled a violation of the Fourteenth Amendment by Officer Brassel.

## **D. Retaliation**

Plaintiff further appears to assert that he was assaulted by Officer Brown, Officer Crawford, Officer Christie, and Officer Doe, and that Sergeant Friel and Lieutenant Doe failed to intervene in the assault, out of retaliation for the grievances and lawsuits Plaintiff filed against MCCC employees. (Docket Entry 1 at 9). He also alleges his religious items were disposed of due to his litigation activities in violation of the Fourteenth Amendment. (Docket Entry 3 ¶¶ 8-9).

"[R]etaliation for the exercise of constitutionally protected rights . . . 'is itself a violation of rights secured by the Constitution actionable under section 1983.'" *Miller v. Mitchell*, 598 F.3d 139, 147 (3d Cir. 2010) (quoting *White v. Napoleon*, 897 F.2d 103, 111-12 (3d Cir. 1990)). Plaintiff must allege "(1) he engaged in constitutionally protected activity; (2) he suffered, at the hands of a state actor, adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) the protected activity was a substantial or motivating factor in the state actor's decision to take adverse action." *Fantone v. Latini*, 780 F.3d 184, 191 (3d Cir. 2015), *as amended* (Mar. 24, 2015).

"[T]he filing of grievances and lawsuits against prison officials constitutes constitutionally protected activity." *Mearin v. Vidonish*, 450 F. App'x 100, 102 (3d Cir. 2011) (per

12

curiam). Again construing all inferences in Plaintiff's favor, Plaintiff has sufficiently alleged Sergeant Friel's and Lieutenant Doe's decision not to intervene in the other officers' assault was motivated by Plaintiff's filing of lawsuits and grievances against MCCC employees. He has not, however, sufficiently alleged that the officers' assault upon him was retaliatory in nature. Whereas Plaintiff's allegations against Sergeant Friel and Lieutenant Doe are supported by Lieutenant Doe's comment, (Docket Entry 1 at 9), Plaintiff's allegations against the individual officers are not supported by facts that would enable this Court to reasonably infer the officers knew about the lawsuits prior to their assault on Plaintiff and that those lawsuits were a motivating factor in the assault. Plaintiff's retaliation claim may only proceed against Sergeant Friel and Lieutenant Doe.

Plaintiff has also sufficiently alleged that Sergeant Friel disposed of his religious property out of retaliation. Plaintiff's complaint only references the Sergeant's comment, "'stop filing grievances and law suits and your property won't always come up missing[,]'" (Docket Entry 3 ¶¶ 7-8), therefore his allegations against Lieutenant Creighton, Officer Crawford, Officer Christie, Officer Brown, and Officers Does 1-6 have no factual support in the complaint. As Plaintiff has failed to allege sufficient facts to make it plausible that the ten other

13

defendants all disposed of his property, Plaintiff may proceed in this retaliation claim only against Sergeant Friel.

## E. Failure to Protect

According to Plaintiff, Warden Ellis knew Plaintiff had been assaulted by corrections officers in the past but failed to take any steps to protect him. (Docket Entry 1 at 8). This claim shall be dismissed without prejudice.

A "prison official may be held liable for 'deliberate indifference' to a prisoner's Eighth Amendment right to protection against violence while in custody if the official 'knows that [the] inmat[e] face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" *Ortiz v. Jordan*, 562 U.S. 180, 190 (2011) (alterations in original) (quoting *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)). "[A]n inmate must plead facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm." *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012) (applying Eighth Amendment deliberate indifference standard to pretrial detainee's failure to protect claim).

Plaintiff has insufficiently pled that Warden Ellis was deliberately indifferent to his safety. It is not sufficient

14

that a prison official *should* know of a risk, he "must actually have known or been aware of the excessive risk to inmate safety." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001). Plaintiff has provided nothing beyond his conclusory statement that Warden Ellis "knew" about past assaults that would indicate he had actual knowledge of the danger to Plaintiff. Plaintiff does not indicate how Warden Ellis "knew" about the assaults or what actions Warden Ellis took upon learning of those assaults, if any. The Court therefore cannot reasonably infer Warden Ellis acted with deliberate indifference towards Plaintiff's safety. *See W. Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169-70 (3d Cir. 2013) (noting the complaint "'must be enough to raise a right to relief above the speculative level' and the complaining party must offer 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007))). Plaintiff's claim against Warden Ellis must be dismissed, however, Plaintiff may move to amend this claim in accordance with Federal Rule of Civil Procedure 15 and Local Civil Rule 7.1.

## **F. Deprivation of Property**

To the extent Plaintiff attempts to raise a deprivation of property claim for the disposal of his religious items, he has failed to sufficiently allege one. The Supreme Court has held

that the "unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Cruz v. SCI-SMR Dietary Servs.*, 566 F. App'x 158, 160 (3d Cir. 2014). Plaintiff has not alleged that a post-deprivation remedy is unavailable to him, therefore this claim must be dismissed.[7] As Plaintiff may be able to allege facts that would set forth a claim, he may move for leave to file a second amended complaint.

## G. State Law Claims

Finally, Plaintiff appears to allege the common law tort of battery against Counselor Patterson. District courts "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The state-law claims must share a "'common nucleus of operative fact' with the claims that supported the district court's original jurisdiction." *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 308 (3d Cir. 2003), *as amended* (Nov. 14, 2003)

---

[7] It does not appear from the face of the complaint that Plaintiff is alleging any of the Defendants infringed upon his ability to exercise his religion. Should Plaintiff wish to raise such a claim he must do so in a second amended complaint.

(quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)). "[Section] 1367 does not permit courts to take jurisdiction over tangentially related claims. The issue is whether there is a 'common nucleus of operative fact' and whether the claims are part of the 'same case or controversy under Article III.'" *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 303 (3d Cir. 1998).

In this matter, Plaintiff's battery claims against Counselor Patterson do not arise from the same "common nucleus" as his federal constitutional claims. The Court therefore declines to exercise supplemental jurisdiction over the claim against Counselor Patterson and shall dismiss her from the case. The dismissal is without prejudice to Plaintiff's right to seek relief against her in the state courts.[8]

## H. Injunctive Relief

Plaintiff also seeks an order from this Court that would require Warden Ellis to establish a policy to ensure Plaintiff's safety.[9] Plaintiffs requesting prospective injunctive relief

---

[8] The Court expresses no opinion as to the merits of Plaintiff's state law claims or whether Plaintiff has complied with New Jersey's filing requirements.

[9] The Eleventh Amendment does not bar Plaintiff from seeking injunctive relief from Warden Ellis in his official capacity. *See Ex Parte Young*, 209 U.S. 123 (1908); *see also Christ the King Manor, Inc. v. Sec'y U.S. Dep't of Health & Human Servs.*, 730 F.3d 291, 318 (3d Cir. 2013). ("The theory behind *Young* is that a state officer lacks the authority to enforce an unconstitutional state enactment, and thus the officer is

17

"must allege a real and immediate threat of future injury." *Doe v. Div. of Youth & Family Servs.*, 148 F. Supp. 2d 462, 478 (D.N.J. 2001) (citing *City of Los Angeles v. Lyons,* 461 U.S. 95, 101 (1983)). "Allegations of exposure to illegal conduct in the past alone, without a showing of continuing adverse effects, do not demonstrate a case or controversy entitling a plaintiff to prospective injunctive relief." *Id.* at 479 (internal citations omitted). A plaintiff must be able to show that a real and imminent harm will occur; a mere possibility of future harm will not suffice. *ZF Meritor, LLC v. Eaton Corp.,* 696 F.3d 254, 300–01 (3d Cir. 2012), *cert. denied*, 133 S. Ct. 2025 (2013).

Although the complaint sufficiently alleges Plaintiff was injured in the past, it does not sufficiently allege that he is at risk of future harm. Plaintiff's request for an injunction must be denied at this time.

## I. Appointment of Counsel

Plaintiff also requests this Court appoint him pro bono representation. Based on the relevant factors, the Court will deny the motion at this time. Plaintiff may reapply for counsel in the future, however.

---

stripped of his official or representative character and becomes subject to the consequences of his individual conduct." (internal citation and quotation marks omitted)).

Plaintiff seeks the appointment of counsel under 28 U.S.C. § 1915(e), which provides that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Appointment of counsel is a privilege, not a statutory or constitutional right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011). Courts, in deciding whether to appoint pro bono counsel, first must consider whether plaintiff's claim "has some merit in fact and law." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (quotation omitted). If the court finds that it does, the court should consider the following factors:

> (1) the plaintiff's ability to present his or her own case;
>
> (2) the complexity of the legal issues;
>
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
>
> (4) the amount a case is likely to turn on credibility determinations;
>
> (5) whether the case will require the testimony of expert witnesses;
>
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

*Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir.1997) (citing *Tabron*, 6 F.3d at 155–56, 157 n.5). This list of factors is not exhaustive, nor is a single factor determinative. *Id.* at 458. Instead, the factors serve as guideposts for district courts to

19

ensure valuable attorney time is not "wasted on frivolous cases." *Ibid.* As noted in this Opinion, the Court has determined that some of Plaintiff's claims shall proceed at this time. The Court therefore presumes for purposes of appointing counsel only that his claims have sufficient merit to continue the *Tabron* analysis.

Having granted Plaintiff *in forma pauperis* status, the Court finds Plaintiff is unable to afford his own counsel. Plaintiff's indigency, however, is not sufficient to warrant counsel in and of itself. Many pro se plaintiffs are indigent, yet are denied pro bono counsel. The Court considers this factor to be neutral. The remainder of the factors, however, weigh against the appointment of counsel at this time. Plaintiff has clearly articulated his claims against Defendants, indicating he is able to pursue this matter on his own. The legal issues do not appear to be so complex that the assistance of counsel is required, nor does it appear that a significant factual investigation will be necessary. The case will undoubtedly require credibility determinations, but not to such a degree that Plaintiff would require assistance in cross-examining Defendants or their witnesses. Finally, it does not appear from the face of the complaint that expert testimony will be required.

For all of these reasons, the Court will deny Plaintiff's motion for the appointment of counsel without prejudice. The Court will reassess the *Tabron* factors in the event Plaintiff elects to reapply for counsel, and Plaintiff should address them in any future motion for the appointment of counsel.

## J. Leave to Amend

As Plaintiff may be able to allege facts that would address the deficiencies of his claims as noted by the Court, Plaintiff may move for leave to file a second amended complaint. Any motion to amend the complaint must be accompanied by a proposed second amended complaint and comply with Federal Rule of Civil Procedure 15 and Local Civil Rule 7.1.

Plaintiff should note that when a second amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, *Federal Practice and Procedure* 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The second

amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court.

## IV.  CONCLUSION

For the reasons stated above, Plaintiff's excessive force complaint against Officer Brown, Officer Crawford, Officer Christie, and Officer Doe shall proceed at this time. His retaliation and failure to intervene claims against Sergeant Friel and Lieutenant Doe shall also proceed.

Plaintiff's failure to protect claim against Warden Ellis is dismissed without prejudice, as is his deprivation of property claim and request for injunctive relief. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims against Counselor Patterson, and shall dismiss her from the case. Plaintiff's motion for the appointment of counsel is denied without prejudice.

An appropriate order follows.

11/18/15
Date

ANNE E. THOMPSON
U.S. District Judge

22