IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

BRIAN KEITH BRAGG,

          Plaintiff,

   v.

RAQUEL PATTERSON, et al.,

        Defendants.

HONORABLE ANNE E. THOMPSON

Civil Action
No. 15-6292 (AET-TJB)

**OPINION**

APPEARANCES:

BRIAN KEITH BRAGG, Plaintiff pro se
533330
Mercer County Correctional Center
PO Box 8068
Trenton, New Jersey 08650



RECEIVED

FEB 1 0 2017

AT 8:30_____M
WILLIAM T. WALSH
CLERK

**THOMPSON, District Judge:**

I.   **INTRODUCTION**

    Plaintiff Brian Keith Bragg filed a motion asking the Court to reopen his civil suit that was dismissed without prejudice on March 18, 2016. Motion to Reopen, Docket Entry 27. For the reasons set forth below, the motion is denied without prejudice. Plaintiff may refile his motion if he can provide a better reason for his failure to respond to the Court's previous orders.

II.   **BACKGROUND**

    On August 17, 2015, Plaintiff filed this complaint against several employees of the Mercer County Correctional Facility

("MCCC"), including Counselor Raquel Patterson, Officer Brown, Officer Crawford, Officer Christie, Sergeant Friel, and Lieutenant John Doe. Plaintiff alleged violations of his First, Fifth, Eighth, and Eleventh Amendment rights. Complaint, Docket Entry 1 at 7-8. He stated that he signed himself into protective custody due to harassment and threats of physical violence from MCCC employees, allegedly done out of retaliation for filing lawsuits against MCCC and its employees. *Id.* at 8. The Court permitted the complaint to proceed on November 18, 2015, and the Clerk's Office sent Marshal Form 285 to Plaintiff for his completion. Clerk's Letter, Docket Entry 20. Summons were issued on November 30, 2015 after Plaintiff returned the forms. Docket Entry 21. On February 2, 2016, the summons were returned executed. Docket Entry 22.

On February 4, 2016, counsel for defendants wrote to the Court and indicated that Plaintiff had been released from MCCC on January 19, 2016. Mercer County Counsel Letter, Docket Entry 23. Counsel further indicated that Plaintiff had not provided a forwarding address. *Id.* The Court issued an Order to Show Cause why the case should not be dismissed under Local Civil Rule 10.1 on February 16, 2016. Order to Show Cause, Docket Entry 24. The Order was returned as undeliverable on March 4, 2016. Docket Entry 25. As Plaintiff had not advised the Court of his current address or otherwise contacted the Court within the timeframe

set forth in the Order to Show Cause, the case was dismissed without prejudice on March 18, 2016. Dismissal Order, Docket Entry 26. The Court indicated it would reopen the case in the event Plaintiff was able to demonstrate good cause for failing to comply with the local rules and Court orders. *Id.*

Eight months later, Plaintiff wrote to the Court and asked to reopen the case. Motion to Reopen. He "asserts that he was never given written notice via US Postal Service from the District Court that this case was allowed to proceed in forma pauperis or was plaintiff issued any summon's [sic] form to serve on the defendants." *Id.* at 2. He asks the Court to reissue the summons and allow him to serve the defendants. *Id.*

## III. DISCUSSION

Plaintiff has not provided good cause to reopen this complaint. In addition to providing no explanation as to why he failed to keep his address current, a requirement of which this Plaintiff is well aware,[1] and failed to contact the Court at all during the eight month period between the dismissal of the case and his motion to reopen, Plaintiff's stated justification for reopening is clearly contradicted by the record. After the Court permitted the complaint to proceed, the Clerk's Office sent Marshal Form 285 to Plaintiff for the purpose of serving

---

[1] *See Bragg v. Aramark Food Serv.*, No. 13-4088, 2016 WL 4204550, at *3-4 (D.N.J. Aug. 9, 2016).

3

defendants. As shown on the executed summons, Plaintiff signed the forms and returned them to the Clerk's Office on November 24, 2015. Docket Entry 22. His statement that he was unaware that his complaint was proceeding and did not receive summons is contradicted by the record. The motion is denied.

**IV. CONCLUSION**

For the reasons stated above, Petitioner's motion is denied without prejudice, and he may refile his motion if he can provide a better reason for his failure to respond to the Court's previous orders.[2] An accompanying Order will be entered.

_____
Date  2/8/17

_____
ANNE E. THOMPSON
U.S. District Judge

_____

[2] Plaintiff is reminded that all motions must be served on opposing counsel.

4